Citation Nr: 1755108 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 11-26 563A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for sleep apnea.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Dupont, Associate Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from September 1990 to May 1992. This matter is before the Board of Veterans' Appeals (Board) on appeal from an October 2010 rating decision by the Philadelphia, Pennsylvania, Department of Veterans Affairs (VA) Regional Office (RO). In May 2015, a Travel Board hearing was held before the undersigned; a transcript is in the record. In September 2015, the Board reopened the claim of service connection for a disability manifested by sleep disturbance (claimed as sleep apnea), and remanded it for development and de novo consideration. In June 2016, the case was remanded for additional development. 

In the June 2016 remand, the Board recharacterized the issue as service connection for obstructive sleep apnea (OSA). However, based on a new/additional diagnosis of central sleep apnea (CSA), the Board has recharacterized the issue as listed on the title page to encompass all sleep apnea (however diagnosed). 

On October 18, 2017, the Board received the Veteran's motion to advance his case on the Board's docket (with supporting documentation). The Board has granted the Veteran's motion to advance his case on the Board's docket due to financial hardship. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action on his part is required.


REMAND

The Board is aware that this matter has been remanded before (and regrets the delay inherent with another remand). Nonetheless, because there has not been substantial compliance with the previous remand instructions, another remand is necessary. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

The Board agrees with the Veteran's representative, who asserted in a September 2017 statement that the case was returned to the Board before completion of all directives in the Board's June 2016 remand. In an April 2016 statement, the Veteran alleged that opiates were known to cause sleep apnea; an April 2016 private medical statement (from Dr. Lewis) generally reports the same. In its June 2016 remand, the Board sought a medical advisory opinion to ascertain the etiology of the Veteran's sleep apnea, to include whether it was caused or aggravated by his opiate abuse and alcohol use (which have been determined to be part and parcel of his service connected psychiatric disability). In a September 2016 opinion (with January 5, 2017 addendum), a consulting physician (citing to several medical studies) opined that PTSD may be associated with OSA, but that there is less than a 50 percent probability that OSA is due to or the result of PTSD. The examiner did not acknowledge the Veteran's use of opiates and alcohol, nor did she opine whether the Veteran's sleep apnea was caused or aggravated by his use of opiates and alcohol to alleviate PTSD symptoms. Therefore, and in consideration of the representative's specific request, this case must be remanded to the AOJ for corrective action. See Stegall v. West, 11 Vet. App. at 271 (a remand by the Board confers upon the claimant, as a matter of law, the right to compliance with its remand instructions). 

As noted above, review of recent medical records found a new/additional diagnosis of CSA. A January 13, 2017 sleep lab addendum report from the Chief of Sleep Medicine at the Philadelphia VAMC notes that the continuous positive airway pressure (CPAP) treatment was not correcting the Veteran's sleep disordered breathing. "Periodic breathing and central apneas (open airway) were present on download. This is indicative of complex sleep apnea - a condition in which patients with obstructive sleep apnea develop central sleep apnea on CPAP. This condition is more likely than not due to the patient's prescribed chronic narcotic medication." The provider did not provide a rationale for such opinion, nor did he specify the narcotics referenced in his statement (i.e. were the narcotics referenced those abused by the Veteran to alleviate PTSD symptoms or were they used to treat other nonservice-connected disabilities?). On remand, the examiner should discuss this new/additional diagnosis and opinion.

Finally, the Board notes that (pursuant to the Board's June 2016 remand), the Veteran was asked to provide a release to allow VA to obtain treatment records from Dr. Lewis (the physician who provided the April 2016 medical statement). In August 2016, the AOJ sent the Veteran a letter requesting that he complete and return releases for any non-VA medical providers, including specifically Dr. Lewis; he has not responded. As the case is being remanded, the Veteran will be afforded another opportunity to comply with the request/cooperate with full development of his claim. He is reminded that the duty to assist is not a one-way street, and a veteran may not passively wait for assistance when his cooperation is needed for evidentiary development critical to a claim for VA benefits. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ should ask the Veteran to identify the provider(s) of any additional (records of which are not already associated with the record) evaluations or treatment he has received for his sleep apnea, and to provide all releases necessary for VA to secure any private records of such evaluations or treatment, to specifically include from Dr. Lewis. 

The AOJ must secure for the record copies of the complete records from all providers/sources identified. If any records sought are unavailable, the reason must be explained in the record. If a private provider does not respond to a VA request for records, the Veteran must be so advised, and also advised that ultimately it is his responsibility to ensure that private records are received.

The AOJ should secure for the record updated (to the present, those not already associated with the record) complete clinical records of all VA examinations and treatment the Veteran has received for sleep apnea since May 2017 (when the most recent treatment records associated with the record are dated). 

2. The AOJ should thereafter arrange for the Veteran's record to be forwarded to the examiner who provided the September 2016 advisory medical opinion (with January 2017 addendum) for review and an addendum opinion. [If that provider is unavailable, the record should be forwarded to another appropriate physician for review and the opinion sought.] If further examination of the Veteran is deemed necessary, such should be arranged.] Based on review of the entire record (to include this remand and any records received pursuant to the development ordered above) (and examination of the Veteran if deemed necessary), the consulting provider should provide opinions that respond to the following:

(a) Please identify (by diagnosis) each sleep apnea disability entity found during the appeal period. (Please specifically address the notations of OSA and CSA (in a January 13, 2017 VA treatment record)). 

(b) Please identify the most likely etiology for each sleep apnea disability diagnosed. Specifically, is it at least as likely as not (a 50% or better probability) that such disability/ies was/were incurred or aggravated during the Veteran's active service? The examiner should specifically consider and address the Veteran's allegations of continuity of symptomatology since his Southwest Asia service.

(c) Is it at least as likely as not (a 50% or better probability) that such disability/ies was/were caused or aggravated (the opinion must address aggravation) by his opiate abuse and alcohol use (which are considered part of his service connected psychiatric disability)?

The examiner must explain the rationale for all opinions, citing to supporting factual data and medical literature as deemed appropriate. 

3. The AOJ should then review the record, ensure that all development sought is completed, and readjudicate the claim. If it remains denied, the AOJ should issue an appropriate supplemental statement of the case, afford the Veteran and his representative opportunity to respond, and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
GEORGE R. SENYK
Veterans Law Judge, Board of Veterans' Appeals
Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).